Dear Mr. Soileau:
You have requested the opinion of this office regarding the legality of installing a permanent marker (plaque) at the site of the Freshwater Diversion Project at Pecan Island in memory of Agee Morgan, who donated the right-of-way for this project to the state. The Freshwater Diversion Project is funded entirely by "state-only" monies (i.e., there are no federal matching funds) from the Wetlands Trust Fund, and is managed completely by the Department of Natural Resources. Presumably this plaque is to be purchased out of these public funds, and thus, such an expenditure is controlled by the provisions of Article VII, Section 14 of the Louisiana Constitution of 1974.
Article VII, Section 14(A) provides in pertinent part:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Based upon the jurisprudence interpreting a virtually identical provision in the 1921 Constitution, the Louisiana Supreme Court has interpreted Section 14(A) of the 1974 Constitution as being violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." City of Port Allen v. Louisiana Municipal Risk Management Agency, 439 So.2d 399 (La. 1983).
The existence of a legal obligation to expend funds is the threshold but not the only predicate to the constitutionality of the expenditure. The expenditure must also be for a "public purpose" and create a "public benefit" proportionate to the amount sought to be spent.
The state has a legal obligation to manage and maintain the public lands which are within its custody and control. This obligation may reasonably be said to provide authorization for the installation of a marker signifying the source of property donated to the state. Further, the expenditure of monies for the plaque is justified by the fact that it will spur philanthropy within the community and encourage other donations of this kind. The benefit to the state from private donations, such as the right-of-way in this instance, clearly outweighs the nominal cost incurred by the state in procuring and installing the memorial plaque.
This conclusion is distinguishable from and consistent with another recent opinion of this office, Attorney General Opinion No. 93-88, which concerned the purchase of a plaque to be placed in the St. Helena Parish Courthouse. Opinion No. 93-88 concluded that the St. Helena Parish Police Jury could not purchase a plaque which would contain the names of honorees of a non-profit civic organization which operated solely within the private sector. In Opinion No. 93-88 the connection between the private organization and St. Helena Parish was indeterminate and, therefore, it could not be said that the Police Jury had any obligation to recognize this particular organization.
In the present case the Department of Natural Resources has received a direct and substantial benefit from the private donor. Thus, it is the opinion of this office that the Department may legally install a plaque memorializing the donor pursuant to its custodial duties over the donated property without violating the prohibition of Article VII, Section 14 of the Louisiana Constitution of 1974.
I hope that this has sufficiently answered your question. If you require any further assistance, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: GINA M. PULEIO Assistant Attorney General RPI/GMP/pb/0097l